**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

FILED
2004 MAY 19  P 12: 46

CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
         DEPUTY

| | |
|---|---|
| OPHELIA REYNA,<br>　　　Plaintiff,<br><br>vs.<br><br>SOUTHWEST RESEARCH INSTITUTE,<br>　　　Defendant. | §<br>§<br>§<br>§  Civil Action No.<br>§<br>§  **S A 0 4 C A 0 4 4 0**<br>§ |



## COMPLAINT

This action is instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621. Jurisdiction is conferred on the Court by 42 U.S.C. §2000e-16(a). The jurisdiction is invoked to secure the protection of and redress the deprivation of rights secured by the Civil Rights Act of 1964, providing for injunctive and other relief against racial, religious, national origin and sex discrimination in employment, and by the Age Discrimination in Employment Act of 1967.

I.

The Plaintiff, OPHELIA REYNA, a citizen of the United States of America, who resides in San Antonio, Texas.

II.

The Defendant SOUTHWEST RESEARCH INSTITUTE, can be served with summons through its Chief Executive Officer, DAN BATES, 6220 Culebra Road, San Antonio, Texas 78228.

III.

**Factual Background**

Plaintiff is a Hispanic female born on November 9, 1950. She was hired by Defendant on April 8, 1991 as a Clerk II. In July, 2002, Plaintiff was assigned to the Trends Group after a project she had worked on had ended. At this point in time, Plaintiff's job title was Administrative Coordinator. Plaintiff's first-line supervisor was KEN JACKS, FRANK WINDHORTS was her second-line supervisor; and JANET BARKER was the project manager.

Plaintiff complained to her first-line supervisor about BARKER's confusing and contrary instructions. In 2002, Plaintiff met with her supervisor several times about the problems with BARKER. In May, 2003, Plaintiff sent an e-mail to her supervisor to stop the harassment by BARKER. Because nothing was done to stop the harassment, Plaintiff filed an internal EEO complaint with Defendant's human resources' office in September, 2003. In November, 2003, Defendant's EEO investigation was completed with no finding of harassment.

Plaintiff's duties included calling clients. However, BARKER told Plaintiff that she was not to call clients. At a meeting in September, 2003, Plaintiff was instructed that she had to follow BARKER's order dealing with client contact. Plaintiff's co-worker, MARIA RODRIGUEZ, younger than plaintiff, was never instructed not to contact clients. Additionally, RODRIGUEZ was not subjected to a hostile work environment.

Thereafter, BARKER informed Plaintiff that her job performance was poor. Plaintiff asked BARKER for specifics, but BARKER never gave specific examples.

On November 11, 2003, Plaintiff received a letter stating that the Defendant was terminating her. Defendant stated that Plaintiff could resign if she submitted a written

resignation by 5:00 p.m. on November 12, 2003. Plaintiff was forced to resign on November 12, 2003.

IV.

The unlawful employment practices as alleged herein were committed in San Antonio, Texas.

V.

The Defendant is an employer as defined in 42 U.S.C. §2000e(b), and 29 U.S.C. §623(a).

VI.

**First Cause of Action**

Plaintiff states that Defendant discriminated against her, based on her age, and in reprisal for having filed an EEO complaint when Plaintiff was forced to resign on November 12, 2003, while younger employees were treated differently.

VII.

As a direct result of Defendant's discrimination against Plaintiff, Plaintiff sustained economic damages consisting of lost wages and benefits. Plaintiff requests an award of economic damages.

VIII.

As a direct result of Defendant's discrimination against Plaintiff, Plaintiff sustained compensatory damages consisting of mental pain and anguish. Plaintiff requests an award of compensatory damages.

IX.

Plaintiff states that Defendant engaged in a discriminatory practice, as stated above, with malice or with reckless indifference to the federally protected rights of Plaintiff. Plaintiff requests an award of punitive damages.

X.

It was necessary for Plaintiff to secure the services of ARTHUR G. GUZMAN, a licensed attorney, to protect her rights and prosecute this action. Plaintiff requests an award of reasonable attorney's fees and expenses.

XI.

**Second Cause of Action**

Plaintiff states that Defendant discriminated against her based on her age and in reprisal for filing an EEO Complaint when she was subjected to a hostile work environment.

XII.

As a direct result of Defendant's discrimination against Plaintiff, Plaintiff sustained compensatory damages consisting of mental pain and anguish. Plaintiff requests an award of compensatory damages.

XIII.

Plaintiff states that Defendant engaged in discriminatory practice, as stated above, with malice or with reckless indifference to the federally protected rights of Plaintiff. Plaintiff requests an award of punitive damages.

XIV.

It was necessary for Plaintiff to secure the services of ARTHUR G. GUZMAN, a licensed attorney, to protect her rights and prosecute this action. Plaintiff request an award of reasonable attorney's fees and expenses.

WHEREFORE, Plaintiff prays that:

1. Plaintiff be reinstated to her job;

2. Plaintiff be awarded back pay and benefits;

3. Plaintiff be awarded damages for mental pain and anguish;

4. Plaintiff be awarded punitive damages;

5. Plaintiff be awarded attorney's fees and expenses;

6. Plaintiff be awarded costs of court;

7. Plaintiff be awarded prejudgment interest on all damages; and

8. Plaintiff be awarded such other and further relief as may be allowed by law.

**Demand for Jury**

Plaintiff demands a trial by jury in this action.

Respectfully submitted,

*[signature]*

ARTHUR G. GUZMAN
Bar No. 08654500
King William Professional Building
809 S. St. Mary's Street
San Antonio, Texas 78205
(210) 472-2227
(210) 224-0661 FAX
ATTORNEY FOR PLAINTIFF